IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SAUL IVAN ROBLES,

    Plaintiff,

v.

UNITED STATES OF AMERICA

    Defendant.

OPINION and ORDER

18-cv-890-wmc
17-cr-39-wmc

Plaintiff Saul Ivan Robles has filed a motion to vacate under 28 U.S.C. § 2255, to set aside a sentence imposed by this court on November 8, 2017. Robles' petition is now before the court for preliminary review under Rule 4 of the Rules Governing Section 2255 motions. Rule 4 requires the court to evaluate whether the petition crosses "some threshold of plausibility" before the government will be required to answer. *See Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). In conducting this review, the court has considered Robles' motion, brief and the materials from his criminal proceedings. Since Robles' has no plausible claim for relief, his motion will be denied.

BACKGROUND

On August 2, 2017, Robles pleaded guilty to charges of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Robles confirmed his understanding during the plea colloquy, as set forth in the written plea agreement, that: (1) the cocaine possession charge carried a

1

mandatory minimum penalty of five years in prison and a four-year period of supervised release, and (2) the firearm possession charge carried a mandatory minimum penalty of five years in prison, to be served consecutively to the sentence imposed for the underlying drug trafficking offense. (Case No. 17-cr-39 (dkt. #46) at 1.)

At sentencing, the court imposed the statutory minimum: a sentence of 60-months for the cocaine possession charge; and 60 months for the firearm charge, to be served consecutively.

At sentencing and in its statement of reasons, the court again explained that by statute it was "bound to enter a minimum sentence of 120 months." (*Id.* (dkt. #86) at 5.) Robles' attorney did not object to the court's conclusion, and Robles did not appeal it. Robles now claims that his trial attorney was ineffective in failing to raise an argument under *Dean v. United States*, 137 S. Ct. 1170 (2017), that sentencing courts are not prohibited from considering the mandatory minimum associated with a conviction under 18 U.S.C. § 924(c) when sentencing for the underlying crime. *Id.* at 1176-77.

OPINION

Under § 2255, relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). Moreover, claims omitted on direct appeal may be considered on collateral review only if the petitioner can show good cause for failing to raise the issue previously *and* actual prejudice based on the alleged error. *See, Strickland v. Washington*, 466 U.S. 668 (1984); *Fuller v. United States*, 398 F.3d 644,

648 (7th Cir. 2005). While Robles' failure to raise his claim of ineffective assistance on direct appeal does not preclude him from pursuing that claim under § 2255, *see Massaro v. United States*, 538 U.S. 500, 504 (2003), the court must nevertheless deny him relief for two reasons.

First, plaintiff's claim is foreclosed by circuit precedent. In *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013), the court of appeals affirmed its previous holding that "an error in calculating a defendant's guidelines sentencing range does not justify post-conviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Id*. at 916 (*Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that *Hawkins* is "the law of this circuit"). In this case, Robles' was sentenced under the guidelines in 2017, twelve years after the Supreme Court held that the guidelines are advisory in *United States v. Booker*, 543 U.S. 220 (2005). Thus, *Hawkins* applies and his ineffective assistance of counsel argument under *Dean* is foreclosed.

Second, and more important from the court's perspective, even assuming that plaintiff's claim is cognizable, his ineffective assistance of counsel claim is a non-starter because the court imposed the *statutory* minimum sentence possible. As a result, even if Robles' attorney *had* raised an argument under *Dean*, it would not and could not have impacted the court's statutorily mandated sentence.

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability may issue only if the petitioner "has made a substantial showing

3

of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)).  For the reasons just discussed, Robles has not made such a showing. Therefore, a certificate of appealability will not issue.

## ORDER

IT IS ORDERED that

(1) Petitioner Saul Robles' motion to vacate under 28 U.S.C. § 2255 (dkt. #1) is DENIED, and his petition is DISMISSED for his failure to state a plausible claim for relief.

(2) No certificate of appealability will issue.

Entered this 3rd day of April, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge